GUILLERMO QUIÑONES VILLEGAS, JUAN QUIÑONES DE JESÚS, RAMÓN QUIÑONES ENCARNACIÓN, DANIEL QUIÑONES DE JESÚS y otros, peticionarios, *v.* JOSÉ ISRAEL HERNÁNDEZ PÉREZ y Rosa Enid Hernández Pérez, recurridos.

*Número:* CC-2002-665     *Resuelto:* 31 de octubre de 2002

*Erick V. Kolthoff Caraballo*, abogado de la parte peticionaria; *Jorge Luis Guerrero Calderón*, abogado de la parte recurrida.

PER CURIAM

(Regla 50)

El 3 de septiembre de 2002 los aquí peticionarios[1] acudieron ante esta Curia, mediante un recurso de *certiorari*, para solicitar que revoquemos el dictamen emitido por el Tribunal de Circuito de Apelaciones el 27 de febrero de 2002. Dicho foro desestimó el recurso de apelación presentado, al concluir que se incumplió con la Regla 16(E)(1)(d) y (e) del Reglamento del Tribunal de Circuito de Apelaciones,[2] por no haberse presentado ciertos documentos "necesarios para poner al Tribunal en posición de entender en

---

[1] Guillermo Quiñones Villegas, Juan Quiñones De Jesús, Ramón Quiñones Encarnación, Daniel Quiñones De Jesús, Silvestre Quiñones De Jesús, Fidel Quiñones De Jesús, Amalia Quiñones Encarnación, José Antonio Quiñones Villegas, Carmen Iris Quiñones Fargas, Maximina Villegas Encarnación, Hipólita Quiñones Encarnación, Juan Confesor Quiñones Fargas y Ángel Villegas Arroyo.

[2] 4 L.P.R.A. Ap. XXII–A.

el mismo".(³) Una vez examinado el recurso ante nos, expedimos el auto y procedemos a resolver sin trámite ulterior, en conformidad con la autoridad que nos confiere la Regla 50 de nuestro Reglamento.(⁴)

I

El 23 de abril de 1981, el Sr. Francisco Quiñones Encarnación otorgó un testamento abierto, en el que manifestó haberse casado en únicas nupcias con la Sra. Rosa Pérez Pérez, de cuyo matrimonio no procreó hijos. Instituyó único y universal heredero en la porción de sus bienes correspondiente a la legítima, a su padre Fidel Quiñones Jiménez y, para el caso de éste premorir, instituyó como heredera sustituta a su esposa, la señora Pérez Pérez. Además, legó a su esposa la mitad de la totalidad del caudal, correspondiente a la libre disposición y, en caso de que ésta premuriera, dicha porción habría de corresponder a la Sra. Rosa Enid Hernández Pérez y al Sr. José Israel Hernández Pérez, hijos de la señora Pérez Pérez.(⁵) A estos últimos los denominó *herederos universales sustitutos*, en caso de que su padre, el Sr. Fidel Quiñones Jiménez, y su esposa, la Sra. Rosa Pérez Pérez, le premurieran.(⁶) Al momento de testar, el Sr. Francisco Quiñones Encarnación, no tenía descendientes.

La Sra. Rosa Pérez Pérez y el Sr. Fidel Quiñones Jiménez premurieron al testador. Como consecuencia del fallecimiento de éstos, previo al del testador el 26 de enero de 1996 y a tenor con la voluntad testamentaria, la Sra. Rosa Enid Hernández Pérez y el Sr. José Israel Hernández Pé-

---

(³) Apéndice del Recurso de *certiorari*, pág. 3.

(⁴) 4 L.P.R.A. Ap. XXI–A.

(⁵) Apéndice del Recurso de *certiorari*, págs. 148–161.

(⁶) Íd., págs. 150–151.

rez se constituyeron en los únicos y universales herederos del causante.[7]

El 13 de mayo de 1997 los hermanos y sobrinos del causante —Guillermo Quiñones Villegas, Juan Quiñones De Jesús, Ramón Quiñones Encarnación, Daniel Quiñones De Jesús, Silvestre Quiñones De Jesús, Fidel Quiñones De Jesús, Amalia Quiñones Encarnación, José Antonio Quiñones Villegas, Carmen Iris Quiñones Fargas, Maxcimina Villegas Encarnación, Hipólita Quiñones Encarnación, Juan Confesor Quiñones Fargas y Ángel Villegas Arroyo— presentaron una demanda sobre nulidad de testamento contra el Sr. José Israel Hernández Pérez y la Sra. Rosa Enid Hernández Pérez.[8] Alegaron que el testamento era nulo, ya que para la fecha de su otorgamiento el causante Francisco Quiñones Encarnación estaba totalmente incapacitado mental y físicamente. En la alternativa, alegaron que el testamento fue otorgado mediante dolo.[9]

Los demandados contestaron la demanda y negaron las alegaciones y, posteriormente, se inició el descubrimiento de prueba. Se tomaron varias deposiciones a las partes y éstas sometieron sendos informes periciales con relación a la condición de salud del testador.[10]

Luego de varios incidentes procesales, el 8 de septiembre de 2000, la parte demandada solicitó que se dictara sentencia sumaria para la demanda.[11] El Tribunal de Primera Instancia declaró con lugar la referida moción y dictó una sentencia sumaria el 6 de abril de 2001, archivada en autos una copia de su notificación el 20 de junio del mismo año.[12] Declaró válido el testamento, al concluir que los

---

[7] Apéndice del Recurso de *certiorari*, págs. 21–22. Relación de hechos según relatada en la Sentencia del Tribunal de Primera Instancia.

[8] Apéndice del Recurso de *certiorari*, págs. 31–45.

[9] Íd., págs. 33–34.

[10] Íd., pág. 20. Relación de hechos según relatada en la Sentencia emitida por el Tribunal de Primera Instancia.

[11] Apéndice del Recurso de *certiorari*, págs. 48–56.

[12] Íd., págs. 20–30.

demandantes carecían de prueba fehaciente para impugnarlo.[13]

El 17 de julio de 2001, la parte demandante presentó un recurso de apelación ante el Tribunal de Circuito de Apelaciones. Alegó que erró el foro de primera instancia: (1) al dictar sentencia sumaria, aun cuando surgían claramente de los documentos y argumentos presentados controversias reales y sustanciales de hechos materiales, y (2) al permitir que los procedimientos en el caso continuaran, dictando sentencia sin que las partes estuvieran debidamente representadas por abogado. El 27 de febrero de 2002 el foro intermedio apelativo emitió una sentencia para desestimar el recurso de apelación, por incumplimiento con la Regla 16(E)(1)(d) y (e) del Reglamento del Tribunal de Circuito de Apelaciones, *supra*. Erróneamente, hizo referencia al expediente de otro caso.

Oportunamente, el 19 de marzo de 2002, la parte demandante presentó una moción de reconsideración para alegar que había presentado "todos los documentos que forman parte del expediente, y que eran necesarios para poner a este Honorable [sic] Tribunal en posición de resolver los dos errores señalados".[14] El 1ro de agosto de 2002 el Tribunal de Circuito de Apelaciones emitió una resolución, notificada a las partes el 6 de agosto del mismo año, en la que declaró no ha lugar la moción de reconsideración.

Inconforme, la parte demandante, y apelante ante el Tribunal de Circuito de Apelaciones, acude ante nos mediante un recurso de *certiorari* presentado el 3 de septiembre de 2002, para señalar como errores cometidos por dicho Tribunal los siguientes:

1. Incidió el T.C.A. al confundir el expediente del caso de autos, con el expediente del caso KLAN200001393, *Domiciano*

---

[13] Íd., pág. 26.

[14] Apéndice del Recurso de *certiorari*, pág. 60.

*Valentín Maldonado, Et al. v. Rodrigo Ruiz Maisonet, Et al.*, el cual había sido resuelto por el mismo panel y por la misma Juez ponente, prácticamente un mes antes, lo que no le permitió evaluar toda la documentación habida en el apéndice del recurso en este caso.

2.  Incidió el T.C.A. al desestimar la apelación por incumplimiento con la con la [sic] Regla 16(E)(d) y (e) del Reglamento del Tribunal del Circuito de Apelaciones, en vista de que la parte demandante-apelante sí presentó con el recurso todos los documentos que forman parte del expediente, y que eran relevantes y/o útiles para poner al Tribunal en posición de resolver los dos errores señalados en el mismo.

3.  Incidió el T.C.A. al obviar la consideración del segundo de los errores señalados en el Recurso, error para el cual la parte demandante-apelante también presentó con el recurso todos los documentos que forman parte del expediente, y que eran relevantes y/o útiles para poner al Tribunal en posición de resolver el mismo.

Al amparo de la Regla 50 del Reglamento de este Tribunal, 4 L.P.R.A. Ap. XXI–A, resolvemos.

## II

Examinado el recurso ante nos, así como su apéndice, encontramos que la sentencia recurrida, emitida por el Tribunal de Circuito de Apelaciones, estuvo fundamentada erróneamente en el caso Núm. KLAN0001393, *Valentín Maldonado v. Ruiz Maisonet.*[15] Dicho caso había sido resuelto prácticamente un mes antes por el mismo panel y por la misma juez ponente. Aunque el foro intermedio apelativo expone una relación de hechos correcta, al aplicar el derecho utilizó incorrectamente el cuadro fáctico del expediente del caso antes mencionado. De este modo, dicho foro realizó erróneamente una composición entre el presente caso y el caso Núm. KLAN0001393, *Valentín Maldonado v. Ruiz Maisonet.*

[15] Resuelto el 31 de enero de 2002.

La sentencia recurrida, emitida por el Tribunal de Circuito de Apelaciones, expresa que "los esposos Ruiz Valentín", quienes no eran parte en este caso, sino en otro, habían omitido incluir documentos requeridos por la Regla 16(E)(1)(d) y (e) del Reglamento de dicho foro intermedio apelativo, *supra*. Específicamente, el Tribunal de Circuito de Apelaciones señaló que no se habían incluido los documentos siguientes: copia de la "resolución" del Tribunal de Primera Instancia o, en ausencia de ésta, la "minuta" que contenía la decisión apelada y la moción de sentencia sumaria presentada por la parte "demandante". Igual fundamento esbozó el Tribunal de Circuito de Apelaciones en *Valentín Maldonado v. Ruiz Maisonet*, caso Núm. KLAN0001393, para desestimar el recurso de apelación allí presentado.

En el caso de autos, la decisión apelada fue una sentencia sumaria emitida por el Tribunal de Primera Instancia, no una resolución. Como bien señala la parte aquí peticionaria, una copia de dicha sentencia fue incluida en el apéndice del recurso de apelación presentado ante el Tribunal de Circuito de Apelaciones. Por otro lado, la moción que sirvió de base para que el Tribunal de Primera Instancia dictara la sentencia sumaria apelada ante el Tribunal de Circuito de Apelaciones, fue por la parte demandada, no por la parte demandante, habiéndose incluido una copia de ésta en el apéndice del recurso de apelación presentado ante ese foro intermedio apelativo.

A tenor con lo anteriormente expuesto, concluimos que dicho foro erró al fundamentar su dictamen en el expediente del caso *Valentín Maldonado v. Ruiz Maisonet*, Núm. KLAN0001393, en lugar del correspondiente al caso que nos ocupa.

## III

Por los fundamentos antes expuestos, *procede revocar la sentencia emitida por el Tribunal de Circuito de Apelaciones y devolver el caso a dicho Tribunal para que atienda y disponga del recurso de apelación allí presentado.*

*Se dictará sentencia de conformidad.*

El Juez Presidente Señor Andréu García y el Juez Asociado Señor Fuster Berlingeri no intervinieron.